UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| PRN HEALTH SERVICES LLC, <br><br> Plaintiff, <br><br> vs. <br><br> INDEPENDENT HEALTH SOLUTIONS LLC, <br><br> Defendant. | 4:24-CV-04223-ECS <br><br><br> ORDER GRANTING RENEWED MOTION FOR DEFAULT JUDGMENT AND DEFAULT JUDGMENT |

This matter is before the Court on Plaintiff PRN Health Services LLC's Renewed Motion for Default Judgment "under Federal Rule of Civil Procedure 55(b)(2) against Defendant, Independent Health Solutions LLC, for trademark infringement under the U.S. Lanham Act, 15 U.S.C. § 1052 *et seq.*" Doc. 17. PRN "seeks permanent injunctive relief and the recovery of costs for this lawsuit." Id. at 1.

The lawsuit centers on Defendant's use of the mark "PRN Professionals" to offer services "similar or highly related" to those offered by Plaintiff under its "service mark in connection with temporary nursing services"—in use since 1976 and registered in 1983. PRN Health Servs. LLC v. Indep. Health Sols., LLC, No. 4:24-CV-04223-LLP, 2025 WL 3459653, at *3 (D.S.D. May 28, 2025) (PRN I). To establish a claim of trademark infringement under the Lanham Act, "a plaintiff must prove that (1) it owns a valid, distinctive trademark that is entitled to protection and (2) the defendant's use of a similar mark was likely to confuse consumers about the source

of the defendant's product." Fair Isaac Corp. v. Experian Info. Sols. Inc., 645 F. Supp. 2d 734, 756 (D. Minn. 2009) (citing Jeld-Wen, Inc. v. Dalco Indus., Inc., No. 99-1005, 1999 WL 1024002, at *2 (8th Cir. Nov. 10, 1999) (per curiam)). In its order denying Plaintiff's first motion for default judgment, this Court concluded:

> Plaintiff has a valid protectable mark. However, on the whole, the uncontested allegations are insufficient to show a likelihood of confusion. While Plaintiff has shown that the PRN Mark is strong and that Defendant's Mark is confusingly similar, there has been no showing that consumers use similar trade channels or sales outlets to access the parties' services, nor has there been any showing of overlapping trade areas or concrete plans by Plaintiff to expand into the Defendant's trade area, thus entitling Plaintiff to injunctive relief.

PRN I, 2025 WL 3459653, at *10.

The Court granted Plaintiff leave to amend its complaint and potentially supply those missing details. Cf. id. Plaintiff filed a First Amended Complaint and Demand for Jury Trial on June 16, 2025. Doc. 16. Although the amended complaint supersedes the original, In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005) (citation omitted), the facts this Court relied on in PRN I recur in the amended complaint. Compare Doc. 1 with Doc. 16. The Court incorporates the factual background and legal discussion from PRN I, and the focus of this opinion will be whether Plaintiff's newly supplied facts overcome the earlier stated obstacles to relief.

**I.   Discussion**

Recall from PRN I the six factors that inform the likelihood of confusion determination:

> 1) The strength of the trademark owner's mark; 2) the similarity between the trademark owner's mark and the alleged infringing mark; 3) the degree to which the allegedly infringing services competes with the trademark owner's services; 4) the alleged infringer's intent to confuse the public; 5) the degree of care reasonably expected of potential customers; and 6) evidence of actual confusion.

2025 WL 3459653, at *4 (quoting Cmty. of Christ Copyright Corp. v. Devon Park Restoration Branch of Jesus Christ's Church, 634 F.3d 1005, 1009 (8th Cir. 2011)).

Factor 3—"Degree of Competition"—prevented Plaintiff's recovery in PRN I because (1) Plaintiff's claim was weakened by its failure to show "that consumers use similar trade channels or sales outlets to access the parties' services"; and (2) Plaintiff's failure to show both parties' services were "being sold in the same geographic area, or that the [Plaintiff] has concrete plans to expand into the infringer's trade area" prevented the Court from providing Plaintiff's sought remedy—a permanent injunction. Id. at 8–10; see Minn. Pet Breeders, Inc. v. Schell & Kampeter, Inc., 41 F.3d 1242, 1246 (8th Cir. 1994).

In its renewed motion, Plaintiff alleges new facts pleading the geographical overlap of the parties' services. Plaintiff states it offers its services to healthcare facilities and healthcare professionals in South Dakota since at least as early as 2001. Doc. 16 ¶ 23. Plaintiff offers healthcare staffing placement opportunities in several cities in South Dakota, notably Rapid City, Sioux Falls, and Spearfish. Id. ¶ 24. According to Defendant's website, Defendant is providing its services in South Dakota. Id. ¶ 28. As the Clerk of Courts has entered Defendant's default on the First Amended Complaint,[1] these new factual allegations "are taken as true." PRN I, 2025 WL 3459653, at *3 (quoting Murray v. Lene, 595 F.3d 868, 871 (8th Cir. 2010)).

This geographical overlap suggests a degree of competition that favors relief for Plaintiff. Comidas Exquisitos, Inc. v. O'Malley & McGee's, Inc., 775 F.2d 260, 262 (8th Cir. 1985). Having already concluded in PRN I that Plaintiff owns a valid, protectable (and strong) mark,

---

[1] Because Plaintiff's First Amended Complaint rendered the original a nullity, it also rendered moot the Clerk of Court's entry of Defendant's default on the original Complaint. See, e.g., Alfa Vision Ins. Corp. v. Lopez, No. 5:17-CV-05201, 2019 WL 1150507, at *1–2 (W.D. Ark. Mar. 13, 2019). The Clerk of Court entered Defendant's default on the First Amended Complaint on December 3, 2025. Doc. 19. The Court may now consider Plaintiff's Renewed Motion for Default Judgment. Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998).

and that the likelihood of confusion from the use of "the same dominant word in connection with healthcare staffing services," weighs "heavily in favor of Plaintiff," 2025 WL 3459653, at *5–10, the Court now concludes that Plaintiff has successfully stated a claim of trademark infringement under the Lanham Act. Fair Isaac Corp., 645 F. Supp. 2d at 756.

For Plaintiff "[t]o obtain a permanent injunction," it must show: "(1) its actual success on the merits; (2) that it faces irreparable harm; (3) that the harm to it outweighs any possible harm to others; and (4) that an injunction serves the public interest." Cmty. of Christ Copyright Corp., 634 F.3d at 1012 (citing Bank One, Utah v. Guttau, 190 F.3d 844, 847 (8th Cir. 1999)).

The Court already held that Plaintiff succeeds on the merits of its claim. Plaintiff is therefore statutorily "entitled to a rebuttable presumption of irreparable harm." 15 U.S.C. § 1116(a). Plaintiff argues the balance of hardship favors it, because "Defendant's continued use of the infringing mark and direct violation of the Lanham Act causes ongoing harm to Plaintiff's trademark rights and business," whereas Defendant would merely need "to cease its unlawful activities." Doc. 18 at 13 (citing Creations LLC v. Easy Breezy Inc., No. 2:23-CV-04102-BCW, 2023 WL 11756887, at *4 (W.D. Mo. Oct. 26, 2023)). The Court appreciates that Defendant's untethering of its infringing mark from the provision of its services will come at a cost beyond mere legal compliance. But the uncontested facts demonstrate that Plaintiff has used the PRN mark in South Dakota for a greater time, and so on balance, the Court presumes the dismantling of Defendant's mark will cause lesser hardship than an unchecked injury to Plaintiff's. Finally, the Court agrees with Plaintiff that as to public interest, the public has an interest generally in compliance with the law and specifically in enforcing trademark rights because they prevent customer confusion. Id. at 13–14 (citing Creations LLC, 2023 WL 11756887, at *4). Because each factor favors Plaintiff, it is entitled to a permanent injunction.

Plaintiff seeks recovery of the $405 filing fee paid in this proceeding. Id. at 14. Because Plaintiff succeeded on its claim and provided Defendant with actual notice of its registered mark before filing suit, Plaintiff is entitled to recovery of that cost. 15 U.S.C. §§ 1111, 1117.

## II.    Order

For the above reasons, and the record as it now exists before the Court, it is hereby

ORDERED that Plaintiff's Renewed Motion for Default Judgment, Doc. 17, is granted. It is further

ORDERED that Default Judgment is entered in favor of Plaintiff PRN Health Services LLC and against Defendant Independent Health Solutions LLC. It is further

ORDERED that Defendant Independent Health Solutions LLC and its agents are permanently enjoined from using the "PRN" mark in connection with Defendant's healthcare staffing business. Defendant must immediately remove the name or mark "PRN" from its marketing, selling, and provision of healthcare staffing services. This includes the immediate cessation of the use of the domain name http://www.prnprofessionals.net and any other domain name, social media profile, or web presence owned and/or controlled by Defendant that contains the mark "PRN." It is further

ORDERED, pursuant to 15 U.S.C. § 1116(a), that Defendant Independent Health Solutions LLC must, within 60 days of this Court's Order, file with the Court and serve on the Plaintiff a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with this permanent injunction. It is further

ORDERED Plaintiff is awarded $405.00 in costs. It is finally

ORDERED that the Clerk of Court shall mail a copy of this Order to Defendant by certified mail, return receipt requested to:

Independent Health Solutions, LLC
1143 Lincoln Ave SW
Huron, SD 57350

DATED this 5th day of January, 2026.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE